IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:02CR3006 |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS B. HOUSE, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |

   Douglas B. House stands convicted of various drug offenses involving methamphetamine. After I reduced his sentence for cooperation with the government, and after he was released from prison, House began to serve his period of supervised release.

   In September of 2009, House was arrested and brought before me to consider whether he had violated his conditions of supervised release by: (1) assaulting his wife and negligently abusing his child during an incident that took place on August 21, 2009; (2) failing to report that he had been charged with the foregoing crimes; (3) engaging in a hit-and-run automobile accident on August 31, 2009; and (4) making threats on the life of his wife on several occasions between August 21, 2009 and September 12, 2009. House has formally denied these charges.

   Court-appointed defense counsel moved to have the defendant evaluated to determine his present physical and mental competence to answer the supervised release violation charges. I granted the motion with the agreement of counsel for the government.

   Defense counsel informs me that the defendant apparently suffers from a bi-polar disorder for which has been prescribed lithium and Klonopin. Counsel adds that the defendant was hospitalized between September 4, 2009 and September 8, 2009 suffering from an acute overdose of Klonopin and lithium. The defendant's lithium

levels were very high (3.0) and the defendant was for a time non-responsive. There is also reason to believe that the defendant has Hepatitis C and may require surgical intervention for a shoulder ailment. When he discharged from the hospital on September 8, 2009, House was prescribed various psychotropic and other medications. However, the defendant has not been receiving these medications due to his incarceration and an uncertainty about whether it would be medically appropriate to allow him to take the medications.

IT IS ORDERED that:

1. The defendant's motion for an evaluation is granted. Because there is reasonable cause to believe that the defendant may not be physically or mentally competent to participate in his defense, the defendant is remanded to the custody of the U.S. Marshal.

2. <u>As soon as possible</u>, the United States Bureau of Prisons shall designate a medical center for federal prisoners at which the defendant shall be examined pursuant to this order. Upon such designation, the defendant (who is, and who shall remain, in federal custody) shall be transported to the place designated by the Bureau of Prisons by the U.S. Marshal. The defendant shall remain at the medical center until released to the U.S. Marshal for return to Nebraska.

3. Pursuant to 18 U.S.C. § 4241, § 4247(b)&(c) and other applicable laws, the Bureau of Prison shall evaluate the defendant to determine: (a) the defendant's present mental and physical condition, and (b) the defendant's physical and mental competency to participate in proceedings related to the alleged supervised release violations  The Bureau of Prisons shall provide me with a written report in accordance with the applicable laws and the terms of this order. The evaluation shall be submitted to the court and defendant's counsel within 60 days of the defendant being delivered to the medical center.

4.	The defendant's counsel shall promptly gather and provide Karen Bucksbee of the U.S. Probation Office with such pertinent unprivileged information as may be accessible to counsel.

5.	The Assistant United States Attorney handling this case shall promptly gather and provide Ms. Bucksbee with such pertinent information as may be accessible to counsel.

6.	Karen Bucksbee is requested to facilitate the implementation of this order and coordinate this case with the Bureau of Prisons.  In particular, the officer shall provide the Bureau of Prisons with relevant history on the defendant's progress while on supervised release, the amended petition and related worksheets and the medical records provided to me by defense counsel relating to the defendant's most recent hospitalization.[1]  The officer is directed to expend every reasonable effort to gather this information and provide it to the Bureau of Prisons as soon as possible.

7.	My chambers will insure that a copy of this memorandum and order is promptly provided to Ms. Bucksbee and the United States Marshals Service.

8.	The Clerk shall provide a copy of this memorandum and order to counsel of record.  The Clerk shall also deliver a copy of this memorandum and order to the United States Marshal.

DATED this 22nd day of September, 2009.

> BY THE COURT:
> *Richard G. Kopf*
> United States District Judge

---

[1] A copy of those medical records provided to me by defense counsel may be obtained from my judicial assistant. Those medical records have been placed in my office file for the time being.